UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATHAN HUNTER, | : | |
| Petitioner, | : | Civ. No. 20-1253 (RBK) |
| v. | : | |
| WARDEN J.L. JAMISON, et al., | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.  INTRODUCTION

Petitioner, Nathan Hunter ("Petitioner" or "Hunter") is a federal prisoner proceeding *pro se* with an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (*See* ECF 8). For the following reasons, Petitioner's amended habeas petition is denied.

II.  FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 1988, Petitioner was convicted of second-degree murder, armed robbery and carrying a pistol without a license in the Superior Court of the District of Columbia. (*See* ECF 10-1 at 2). Petitioner received a life sentence. (*See id.* at 5). Petitioner was initially paroled on December 18, 2009. (*See id.* at 26). However, this initial parole was revoked on July 10, 2014 due to Petitioner's possession of a concealed weapon (BB gun) and a conviction for assault on a police officer and threats to do bodily harm. (*See* ECF 10-1 at 26). Petitioner was re-paroled on August 21, 2015. (*See id.* at 13). The USPC notified Petitioner he would be on parole for life. (*See id.* at 14).

On December 2, 2016, the USPC issued an arrest warrant against Petitioner for alleged parole violations including: (1) driving without a license; (2) assault with a dangerous weapon

and possession of a prohibited weapon. (*See id.* at 17-19). The United States Marshals' service then lodged the warrant as a detainer against Petitioner on December 28, 2016. (*See id.* at 20).

On August 23, 2017, Petitioner pled guilty in the Superior Court of the District of Columbia to one count of assault with a dangerous weapon (pellet gun). (*See id.* at 21). He received a thirty-six-month sentence. (*See id.*).

Considering this conviction, on July 17, 2019, the USPC supplemented Petitioner's arrest warrant related to his parole violations to reflect this conviction for assault with a dangerous weapon. (*See id.* at 22).

Petitioner completed his sentence on the assault with a dangerous weapon conviction on June 19, 2019. (*See id.* at 4). On July 10, 2019, United States Marshals executed the arrest warrant against Petitioner for alleged parole violations. (*See id.* at 24). Petitioner was given jail credit time from June 19, 2019 to July 9, 2019. (*See id.* at 6).

On August 9, 2019, the USPC drafted Petitioner's parole revocation prehearing assessment. (*See id.* at 25-28). Petitioner had his parole revocation hearing on August 15, 2019. The USPC found that Petitioner violated the terms of his parole based upon his conviction for assault with a dangerous weapon. (*See id.* at 29, 35). Ultimately, while Petitioner's re-parole guideline range was 48-60 months, Petitioner was ordered to serve eighty-four months for the parole violation in a notice of action dated September 16, 2019. (*See id.* at 34). The USPC stated as follows with respect to this sentence beyond the parole guideline range:

> a decision above the guidelines range is warranted because: You are a more serious risk than indicated by your guidelines based on your pattern of violence and weapon possession, as well as your failure to accept responsibility for your actions and your attempts to minimize your role in the violation behavior and shift the blame onto the victim. Specifically, you have a prior conviction for weapon possession and you are currently on parole for Life for Murder and Armed Robbery. This is your second parole revocation

2

> on this term and it is also the second time you have been returned to custody based on a new conviction assaultive behavior. Additionally, this also now the second time on this Life term of parole that you have been found to possess a dangerous weapon that includes a BB and/or Pellet Gun. Also, based on your testimony at the revocation proceeding, the Commission finds it more likely you pled guilty to avoid a longer prison term than it was to accept responsibility for your actions. This conclusion is further supported by your attempts to minimize your role in the violation behavior by denying more serious aspects of the official version of the offense you pled guilty to and by shifting the blame onto the victim when you stated the incident was due to "a woman's scorn." The Commission finds your pattern of violence wand weapon possession as well as your statements made at the revocation proceeding demonstrate you are not ready to remain crime-free in the community and your continued incarceration above the guidelines range is necessary to protect the public.

(*See id.* at 35-36). Petitioner's new presumptive parole date was then set for December 29, 2023. (*See id.* at 34). Petitioner received thirty-one months credit on his eighty-four month parole revocation sentence related to the time spent in incarceration on his assault with a dangerous weapon (pellet gun) charge. (*See id.* at 28).

Petitioner administratively appealed the USPC's decision. (*See id.* at 39-42). The USPC's decision was affirmed. (*See id.* at 43).

Petitioner initially filed this federal habeas action in the United States District Court for the District of Columbia. (*See* ECF 1). That court though subsequently transferred this habeas action to this Court. (*See* ECF 5). Thereafter, Petitioner filed an amended habeas petition. (*See* ECF 8). Petitioner raises several claims in his amended habeas petition; they are as follows:

1. The USPC's decision to impose an above guideline range term of eighty-four months was excessive ("Claim I");

2. The USPC improperly denied Petitioner thirty-six months of credit for time spent in custody toward satisfaction of the re-parole guidelines; ("Claim II")

3

3. The USPC did not afford Petitioner the right to a preliminary hearing ("Claim III"); and

4. The USPC delayed the parole revocation hearing by filing a detainer which frustrated Petitioner's opportunity to sentence concurrency and credit for time in confinement towards his re-parole guidelines ("Claim IV")

(*See* ECF 8 at 6-7). Respondent filed a response in opposition to Petitioner's amended habeas petition. (*See* ECF 10). Petitioner elected not to file a reply in support of his amended habeas petition.

### III. DISCUSSION

Under 28 U.S.C. § 2241, this Court has jurisdiction to consider Petitioner's claims related to the revocation of his parole by the USPC. *See Capozzi v. N'Diaye*, No. 21-19533, 2022 WL 179595576, at *5 (D.N.J. Dec. 27, 2022) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)) (noting courts have jurisdiction under § 2241 to examine challenges to the execution of a sentence like parole revocation). Each of Petitioner's claims raised in his amended habeas is considered in turn.

#### A. Claim I

In Claim I, Petitioner claims that the USPC's term of eighty-four months above the guideline range of 48-60 months for his parole violation was excessive. Under 28 C.F.R. § 2.81(a), If the prisoner is not serving a new, paroleable D.C. Code sentence, the Commission's decision to grant or deny re-parole on the parole violation term shall be made by reference to the re-parole guidelines at § 2.21." Further, 28 C.F.R. § 2.21(d) states, "[a] decision outside [the] guidelines (either above or below) may be made when circumstances warrant." "[T]he [USPC] is authorized to make 'parole decisions outside the guidelines where 'good cause' is determined to exist." *Wade v. Warden*, No. 15-8925, 2016 WL 6465419, at *4 (D.N.J. Oct. 31, 2016) (quoting

4

*Campbell v. U.S. Parole Comm'n*, 704 F.2d 106, 111 (3d Cir. 1983) (quoting 18 U.S.C. § 4206(c)). Additionally, "[a] habeas court 'cannot disturb the [USPC's] ruling unless it acted arbitrarily or capriciously or abused its discretion in reaching its result.'" *Id.* (quoting *United States v. Friedland*, 83 F.3d 1531, 1542 (3d Cir. 1996)).

In this case, as outlined in *supra* Part II, the USPC specifically noted its reasons for ordering a revocation prison term above the guideline range. Indeed, it specifically noted this parole violation constituted Petitioner's second time he had been returned to custody for assaultive behavior. Accordingly, this Court finds that the USPC had "good cause" to warrant the upward departure. *Accord Wade*, 2016 WL 6466419, at *4 (noting petitioner's two subsequent convictions for crimes while out on parole provided good cause for USPC to exercise its discretion in departing upwards from the guidelines). Thus, Petitioner is not entitled to federal habeas relief on Claim I.

  B.  Claim II

In Claim II, Petitioner claims that the USPC improperly denied him credit of thirty-six months for time spent in custody toward the satisfaction of his re-parole guidelines. Under 28 C.F.R. § 105(b) states "[i]f parole is revoked under this section, the [USPC] shall determine whether immediate re-parole is warranted or whether immediate re-parole is warranted or whether the parolee should be returned to prison. If the parolee is returned to prison, the [USPC] shall also determine whether to set a presumptive release date pursuant to § 2.81." Most relevant to Claim II, 28 C.F.R. § 2.21(c) states, "time served on a new state or federal sentence shall be counted as time in custody for re-parole guideline purposes."

Petitioner received credit on his parole guideline for the thirty-one months he ultimately served on his assault with a dangerous weapon conviction. (*See* ECF 10-1 at 25) (noting on

parole revocation prehearing assessment form 31 months "GL Credit Prior to Warrant Execution"). The warrant for Petitioner's parole revocation was executed on July 10, 2019. Petitioner received a sentence of eighty-four months by the USPC for this parole revocation. However, Petitioner's new presumptive parole date is not eighty-four months from July 10, 2019, but rather, is set for less than five years from when the warrant was executed, or on December 29, 2023. Petitioner has been given credit for the time he served for the assault with a dangerous weapon conviction. Thus, Petitioner is not entitled to federal habeas relief on Claim II.

C. Claim III

In Claim III, Petitioner claims the USPC violated his due process rights by not affording him the right to a preliminary hearing. As noted *supra* Part II, Petitioner's was taken into custody on the parole detainer warrant in 2019 based on his 2017 conviction in the Superior Court of the District of Columbia for assault with a dangerous weapon. Under 28 C.F.R. § 2.48(f), "[c]onviction of a Federal, State, or local crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section and no preliminary interview shall be conducted unless otherwise ordered by the Regional Commissioner."). Given Petitioner's 2017 conviction for assault with a dangerous weapon when he was taken into custody on the parole detainer warrant in 2019, he was not entitled to a preliminary hearing at that time pursuant to 28 C.F.R. § 2.48(f). *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (noting initial stage at which due process protections are required occur when parolee is arrested and detained for a parole violation); *Lee v. Pa. Bd. of Probation & Parole*, 467 F. Supp. 1043, 1046 (E.D. Pa. 1979). Thus, Petitioner did not have a right to a preliminary hearing based on the circumstances in this case. Accordingly, Claim III is denied.

6

D.  Claim IV

In Claim IV, Petitioner complains that the USPC delayed his parole revocation hearing by filing the parole violator warrant as a detainer. Initially, 28 C.F.R. § 2.100(a) states: "[w]hen a parolee is in the custody of other law enforcement authorities, or is serving a new sentence of imprisonment imposed for a crime committed while on parole or for a violation of some other form of community supervision, a parole violation warrant may be lodged against him as a detainer." As this Court has noted:

> [t]he Parole Commission is empowered to lodge a warrant for a parolee if that parolee is in law enforcement custody or serving a sentence for a crime committed during parole. 28 C.F.R. § 2.100(a). In a case, as here, where the new criminal activity is non-parole-eligible, the Parole Commission is not required to hold a hearing reviewing the detainer unless a request for such a review is made by the parolee. 28 C.F.R. § 2.100(c). There is no right to a "revocation hearing" associated with a detainer.

*Johnson v. United States Parole Comm'n*, No. 05-3167, 2006 WL 1540837, at *3 (D.N.J. May 31, 2006). Respondent has included as an exhibit to its response a declaration from the Assistant General Counsel from the USPC. (*See* ECF 10-1 at 23). The Assistant General Counsel states that at no time did Petitioner request the USPC to review the warrant pursuant to 28 C.F.R. § 2.100(c). (*See id.*). Plaintiff does not contest the Assistant General Counsel's statement. Given that the USPC could lodge the parole violation warrant as a detainer, and Petitioner never requested a review, Petitioner is not entitled to federal habeas relief on this argument.

Plaintiff also complains in Claim IV that the delay in bringing the parole violator warrant as a detainer frustrated his opportunity for "concurrency." (*See* ECF 8 at 7). However, as noted in *supra* Part III.B, Petitioner did get credit on his parole guideline for the thirty-one months he served on the assault with a dangerous weapon conviction.

Finally, and for purposes of completeness, Petitioner may be asserting within Claim IV that the USPC held Petitioner's revocation hearing in an untimely fashion. Under 28 C.F.R. § 2.101(e):

> if the parolee is not eligible for a local revocation hearing as provided by § 2.102(a), or has requested to be transferred to an institution for his revocation hearing, the Commission will request the Bureau of Prisons to designate the parolee to an appropriate institution, and an institutional revocation hearing shall be scheduled for a date that is within ninety days of the parolee's retaking.

United States Marshals executed the warrant on July 10, 2019. (ECF 10-1 at 24). Petitioner had his revocation hearing approximately only one month later on August 15, 2019. Accordingly, Petitioner's revocation hearing was not untimely. Thus, Petitioner is not entitled to federal habeas relief on any of his arguments raised in Claim IV.

### IV.   CONCLUSION

For the foregoing reasons, Petitioner's amended habeas petition is denied. An appropriate order will be entered.

DATED: April 5, 2023                                                                             s/ Robert B. Kugler
                                                                                                                    ROBERT B. KUGLER
                                                                                                                    United States District Judge